WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Homer Ray Roseberry,<br><br>               Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>               Respondents. | No. CV-15-1507-PHX-NVW<br><br>**ORDER**<br><br><u>DEATH PENALTY CASE</u> |

      Before the Court is Respondents' motion seeking an order prohibiting members of Petitioner's legal team from contacting the victims in this case and directing that any such contact be initiated through counsel for Respondents. (Doc. 8.)

      In support of their request, Respondents cite provisions of state and federal law, including A.R.S. § 13–4433(B), which provides that "[t]he defendant, the defendant's attorney or an agent of the defendant shall only initiate contact with the victim through the prosecutor's office," and the Crime Victims' Rights Act (CVRA), which gives state crime victims in federal habeas cases "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Petitioner opposes the motion, arguing that the Court is not bound by A.R.S. § 13–4433(B) and that an order precluding contact is not necessary to implement the principles of the CVRA. (Doc. 12.)

      As discussed at the case management conference on September 15, 2015, it does not appear that A.R.S. § 13–4433(B) directly applies to these proceedings. However, the Court independently finds that the statute provides a reasonable mechanism for furthering

the CVRA's goal of respecting a crime victim's dignity and privacy without unduly burdening Petitioner.

Accordingly,

**IT IS ORDERED** that Respondents' motion for an order precluding Petitioner's legal team from contacting victims (Doc. 8) is granted as follows. No person who is defined as a victim in this matter under Arizona law shall be contacted by anyone working on behalf of Petitioner unless the victim has consented to such contact. Petitioner shall advise Respondents if he wishes to contact a victim. Respondents shall then advise the victim, or victim's counsel, of Petitioner's request. If a victim does not consent, and Petitioner nonetheless believes contact is necessary, Petitioner may file a motion with the Court explaining the necessity for such contact.

Dated this 16th day of September, 2015.

Neil V. Wake
United States District Judge