**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Homer Ray Roseberry, | No. CV-15-1507-PHX-NVW |
| Petitioner, | **ORDER** |
| v. | DEATH PENALTY CASE |
| Charles L. Ryan, et al., | |
| Respondents. | |

Before the Court is Respondents' motion for reconsideration of the Court's order granting Roseberry's request to file his amended habeas petition under seal. (Doc. 33.) Also before the Court is Roseberry's motion to seal his response to the motion for reconsideration. (Doc. 35.)

A court has inherent power to seal documents in appropriate circumstances. *United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987). There is a strong presumption in favor of access to court records, but the right of access is not absolute and may be overridden given sufficiently compelling reasons. *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

Roseberry contends that his petition should be sealed because it contains references to materials that remain sealed in state court. (Doc. 29.) Respondents argue that Roseberry's petition merely cites or refers to the sealed materials and therefore does not violate the state court's order. (Doc. 37 at 2.) They also assert that the references to sealed documents occur in only four claims, which, they suggest in the alternative, could remain sealed if the Court does not unseal the entire petition. (Doc. 33 at 2.) Roseberry

counters that the references to sealed documents are incorporated throughout the entire petition. (Doc. 36 at 5–7.)

The Court finds that Roseberry has not shown sufficiently compelling reasons to seal either his habeas petition or his response to the motion for reconsideration. Roseberry does not cite any harm that would result from unsealing the petition. In fact, he "does not desire the concealing of the documents at issue" and moved twice in state court, unsuccessfully, for the documents to be unsealed. (Doc. 36 at 9.)

In addition, as Respondents argues, it is not clear that Roseberry's filings in this Court violate the state court's order sealing the documents. Roseberry's citations to the sealed material in his habeas petition do not reveal the contents of the documents. (*See* Doc. 32 at 25, 67–68, 69, 78, 151, 183.) References to the material in Roseberry's response outline but do not detail the contents of the sealed documents or reveal confidential or privileged matters. (Doc. 36 at 3–6.)

Accordingly, because Roseberry has not met his burden of showing compelling reasons for his sealing requests,

**IT IS ORDERED** granting Respondents' motion for reconsideration. (Doc. 33.)

**IT IS FURTHER ORDERED** vacating the Court's order granting Roseberry's motion to file his amended habeas petition under seal. (Doc. 31.) The Clerk of Court is directed to unseal Roseberry's amended petition. (Doc. 32.)

**IT IS FURTHER ORDERED** denying Roseberry's motion to seal his response to Respondents' motion for reconsideration. (Doc. 35.)

Dated this 15th day of September, 2016.

　　　　　　　　　　　　　　　　／s／ Neil V. Wake
　　　　　　　　　　　　　　　　Neil V. Wake
　　　　　　　　　　　　　　Senior United States District
　　　　　　　　　　　　　　　　　　Judge